**Anthony P. DiGIACOMO and Ann M. DiGiacomo, his wife, Plaintiffs,**

v.

**The DIAMOND STATE TELEPHONE COMPANY, Defendant, and The United States of America, Defendant.**

**Civ. A. No. 4606.**

United States District Court,
D. Delaware.

April 3, 1973.

William C. Bradley, Jr., Wilmington, Del., for plaintiffs.

Hugh Corroon, Wilmington, Del., for defendant Diamond State Telephone Co.

Ralph F. Keil, U. S. Atty., and Richard D. Levin, Asst. U. S. Atty., Wilmington, Del., for defendant United States.

## MEMORANDUM

STEEL, District Judge:

Anthony P. DiGiacomo and his wife, Ann M. DiGiacomo, have brought a civil action against the Diamond State Telephone Company to enjoin, temporarily and permanently, the threatened termination under 18 U.S.C. § 1084(d) of telephone service at 625 North Lincoln Street, Wilmington, Delaware. The United States of America has intervened as a defendant. Jurisdiction exists under 28 U.S.C. § 1337.

Before the Court is plaintiffs' motion for a preliminary injunction upon affidavits and the unverified pleadings.

The Court makes the following findings of fact and conclusions of law.

■ Plaintiffs are the owners of the property known as 625 North Lincoln Street, Wilmington, Delaware. The subscriber to the telephone facilities at that location is Robert DiGiacomo. He is not a party to the action. Nonetheless, plaintiffs as owners of the property where the facilities are installed are "affected" by the transaction within the meaning of § 1084(d) and have standing to sue.

On or about February 16, 1973, Richard D. Levin, at that time the Acting United States Attorney, made a written request of the telephone company to discontinue its telephone service to the plaintiff Anthony P. DiGiacomo and others at 625 North Lincoln Street and 1900 West Seventh Street, Wilmington, Delaware. The request was stated to be based upon information that the telephone facilities had been used by the subscriber and other persons for the purpose of transmitting and receiving gambling information in interstate commermerce in violation of the Federal and State of Delaware laws, and if the service was not terminated, it would continue to be so used.

By letter dated March 1, 1973, E. P. Bissell, III, the District Manager of the telephone company, advised Robert DiGiacomo that at the request of the United States Attorney, the telephone company was obliged to discontinue the service. The letter stated:

"The U. S. Attorney reports that he has reasonable grounds to believe that telephone facilities at this location are being used in the business of transmitting or receiving gambling information in violation of Federal and State of Delaware laws."

The letter concluded:

"Therefore, as suggested in the U. S. Attorney's letter, you are notified that your telephone service at 625 North Lincoln Street, Wilmington, Delaware, will be terminated 15 days after receipt of this letter."

■ In this type of proceeding the defendants bear the burden of proof, and must establish by a preponderance of the evidence that the services which they threaten to remove have been or will be used in violation of the law. Telephone News Systems, Inc. v. Illinois Bell Telephone Co., 220 F.Supp. 621, 628 (N.D. Ill.1963), aff'd 376 U.S. 782, 84 S.Ct. 1134, 12 L.Ed.2d 83 (1964); Tollin v. Diamond State Telephone Company, 286 F.Supp. 86, 89 (D.Del.1968); Letter Opinion, March 19, 1973, from Judge Walter K. Stapleton to William Bradley, Jr., et al. in DiGiacomo v. Diamond State Telephone Company.

The defendants rely solely upon the affidavit of Donald M. Lundgren, a Special Agent of the Federal Bureau of Investigation, to establish that the telephone facilities are or will be used to transmit or receive gambling information in interstate or foreign commerce. The Lundgren affidavit discloses that from 1969 until May 8, 1972, the telephone was used for such purpose. It fails to state that at any time since May 8, 1972 the telephone has been used for that purpose, and there is nothing in the affidavit to support a finding that the facility will be so used in the future.

■■ The defendants have failed to bear the burden of proving any present or threatened future illegal interstate or foreign use of the telephone. On the present record it cannot be found that there is a reasonable probability that the defendants will be able to establish this critical fact on final hearing. On the contrary it appears reasonably probable that on the final hearing plaintiffs will be entitled to injunctive relief.

■■ Inasmuch as the defendant telephone company has given reasonable notice to the subscriber of its intention to remove the facilities at 625 North Lincoln Street, the plaintiffs will be unable to recover any damages from the telephone company if it removes the facilities. 18 U.S.C. § 1084(d). Nor will plaintiffs be able to obtain any monetary relief from the United States since it enjoys sovereign immunity.

■ Plaintiffs will be irreparably injured if the telephone facilities at 625 North Lincoln Street are removed.

Plaintiffs are requested to submit promptly an order giving them the relief which they seek.